IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| EDWIN ANTONIO GONZALEZ FLORES<br>11302 Evans Trail, Apt. 201<br>Beltsville, Maryland 20705 | : : : : | |
| Plaintiff, | : : | Civil Action No. |
| v. | : : : | |
| R.G. & S. CONSTRUCTION, INC.<br>9471 Decatur Road<br>Laurel, Maryland  20723 | : : : : | |
| Serve:  Resident Agent<br>Ricardo Gonzales<br>9471 Decatur Road<br>Laurel, Maryland 20723 | : : : : : | |
| and | : : | |
| ELIAN SOLIS<br>9471 Decatur Road<br>Laurel, Maryland  20723 | : : : : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Edwin Antonio Gonzalez Flores ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants R.G. & S. Construction, LLC and Elian Solis (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., Labor & Empl., § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3589526_2

## INTRODUCTION

Plaintiff worked sixty hours per week for Defendants. He was paid the same fixed rate for all hours worked. He worked on average sixty hours per week and was not compensated at the overtime rate as required by Maryland and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant R.G. & S. Construction, Inc. is a Maryland corporation.

5. Defendant Elian Solis is president of R.G. & S.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., *Labor & Empl.*, §§ 3-101(c); 3-401(c); 3-501(b).

8. At all times relevant, Defendants employed two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Elian Solis controlled the day to day operations of R.G. & S. Construction, Inc.

11. Defendant Elian Solis had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Elian Solis supervised Plaintiff directly or indirectly.

13. Defendant Elian Solis directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Elian Solis directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. Defendant Elian Solis would be considered an employer for purposes of individual liability of his intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants from April 2008 through February 27, 2014 (the "Employment Period").

18. Plaintiff was paid at rates ranging between $13.00 and $19.00 per hour during the Employment Period and his paystubs reflect he was paid an hourly rate.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

19. Plaintiff worked an average of sixty (60) hours per week throughout the Employment Period.

20. Plaintiff was paid by check.

21. Plaintiff often worked many hours that Defendants refused to pay him for.

22. Plaintiff was not paid one and a half times his regular hourly rate for hours worked in excess of forty per week.

23. Plaintiff is owed approximately $51,700.00 in overtime wages.

24. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of Maryland and federal law.

25. Federal law requires that "Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." *See* 29 C.F.R. § 516.4.

26. Defendants failed to post the required statutory FLSA notice, thus tolling the statute of limitations on Plaintiff's claims.

27. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

28. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

29. The precise number of hours worked, and wages owed, should be revealed through discovery.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

30. Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

## COUNT I
**(Violation of the Maryland Wage Payment and Collection Law)**

31. Plaintiff adopts herein by reference paragraphs 1 through 30 above as if fully set forth herein.

32. The amounts owed to Plaintiff by Defendants for unpaid overtime constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

33. Defendants were required to pay to Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

34. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the MWPCL.

35. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

36. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $155,100.00, which is approximately three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

3589526_2

## COUNT II
### (FLSA)

37. Plaintiff adopts herein by reference paragraphs 1 through 30 above as if fully set forth herein.

38. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his normal hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

39. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

40. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

41. Defendants' violation makes them liable to Plaintiffs for all unpaid overtime compensation and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $103,400.00 which is two times the total wages and overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

42. Plaintiff adopts herein by reference paragraphs 1 through 30 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

43.     Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week.  *See* Md. Code Ann., *Lab. & Empl.* § 3-415

44.     Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime required by the MWHL.

45.     Unpaid wages are due and owing to Plaintiff by Defendants.

46.     Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $51,700.00 and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (17140)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

3589526_2